### MAYER v. NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

1. RAILROAD COMPANIES—STOCK KILLING—INSTRUCTIONS.
   In an action against a railroad company for killing plaintiff's horses, the evidence was that the engineer blew the locomotive whistle near a street crossing in the city to warn the agent at the next station and people at the next street crossing of the approach of the train, at which plaintiff's horses became frightened, and ran on the track and were killed. *Held*, that the court properly charged that defendant had a right to sound the whistle to give warning of the approach of the train, but that it was for the jury to say whether defendant had abused that right by sounding the whistle at a time and place, in a manner, and under circumstances not necessary for the proper conduct of its business, and, if so, whether such negligence was the cause of the injury.

2. SAME—SOUNDING WHISTLE—STREET CROSSINGS.
   A statute which directs that under certain circumstances the bells shall ring and the whistles of locomotives shall sound, except that the requirement as to the sounding of whistles shall not apply to street crossings, does not prohibit the sounding of locomotive whistles within the limits of the city.

Appeal from circuit court, New York county.

Action by David Mayer against the New York Central & Hudson River Railroad Company, to recover the value of two horses which were killed, and a wagon which was destroyed, by a train on defendant's road. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*B. F. Einstein,* for appellant.   *D. W. Tears,* for respondent.

VAN BRUNT, P. J.   This action was brought to recover the value of two horses which were killed, and of a wagon which was destroyed, by being run against by a train of the respondent. The accident occurred near 169th street, in the city of New York. The plaintiff's driver, one Eisman, had driven a load of beer into the premises of Pfeiffer Bros., known as "Sanger Park," had unloaded the beer, and put on the wagon empty kegs, and had gone into the bar-room to get his book signed. At this point of time a south-bound train came down on the westerly track of defendant's road, and, approaching 169th

street, the engineer sounded the whistle attached to the locomotive, as he said to notify the agent at the station at 167th street and the people intending to take the train of its approach, and also to warn people making use of the public traveled road-crossing of the railroad at 167th street. The horses attached to the beer wagon became frightened at the sound, and ran round the building towards the track, when the driver rushed out of the front door of the barroom and caught hold of the reins, but was unable to detain the horses, and, as they ran across the track, they were struck by the locomotive and killed, and the wagon and its contents destroyed. The case, upon all the evidence, was submitted to the jury, who found a verdict in favor of the defendant, and from the judgment thereupon entered this appeal is taken.

The only question presented upon this appeal arises upon the charge of the judge who presided at the trial. The principal point relied upon by the appellant's counsel is that the learned judge erred in charging that the defendant had a right to sound the whistle, and would be only liable for the abuse of that right; and in refusing to charge that it was for the jury to determine whether or not it was negligence on the part of the defendant to sound the whistle at the time and place, and under the circumstances, indicated by the evidence. It is not necessary to discuss at any length the question of the right of the defendant to sound the whistle; in other words, the sounding of the whistle was not of itself a violation of any statute, nor a fact from which the jury had a right to find that the defendant had been negligent. Reference is made to the statute which directs, under certain circumstances, the ringing of the bell and the sounding of the whistle, except that the requirement as to the sounding of the whistle was not to apply to street crossings in cities. It is urged that the true construction of the statute prohibits the sounding of a steam-whistle on a locomotive engine in the city. The statute, however, cannot be so interpreted without doing violence to the ordinary rules governing the construction of statutes, and all that can be claimed from it is that there is no injunction that whistles should be sounded within the limits of the city. But it is claimed that the learned court refused to leave the question to the jury whether the blowing of this whistle on this locomotive at this time and place was negligence, without reference to whether it was an abuse of the right to use the whistle or not. An examination of the charge of the court shows that this question of negligence was left to the jury in the most careful and precise manner, and that, after they had been instructed as to the rights of the defendant, in the running of its road, and the use of its appliances, they were distinctly told that if, in either of these respects, they were negligent, and this negligence was the cause of the accident, the plaintiff was entitled to recover. The court say: "But if you find from the evidence that the plaintiff's driver was free from negligence, and that the whistle was sounded at a time and place, in a manner, and under circumstances, not necessary for the proper conduct of the defendant's business, I leave to you to say whether the defendant was not guilty of negligence, and whether such negligence did or did not cause the injury. The defendant had a right to give warning to the next station of its approach, but it will be for you to say whether, under all the circumstances, considering the character of the locality, the population, and all the surroundings, that right was abused; in other words, whether the steam-whistle was sounded unnecessarily or with undue frequency."

The learned counsel for the plaintiff stated, at the conclusion of the charge, among other things: "I want the jury to understand very clearly that they have the right to say that the blowing of this whistle at that time and place was negligence. *The Court.* As a matter of fact, they have the right to say that, if they find from the evidence that there was an abuse of the company's right to sound the whistle in the sense in which I have put it. *Plaintiff's Counsel.* That part, as to the abuse, I want to except to. My proposition is that it is for the jury to say whether the blowing of a whistle on this locomo-

tive, at this time and at this place, was negligence, without reference to whether it was an abuse or not." This the court refused to charge. There seems to have been no error in the manner in which this question was left to the jury. The railroad company, having the right to use the whistle, could not be charged with negligence in its use unless there had been an improper or abusive exercise of that right. The jury could not find that the defendant was guilty of negligence in blowing this whistle unless there had been, as already stated, an improper exercise of this right under all the circumstances which surrounded the defendant in the operation of its road at this particular locality. This question was distinctly presented to the jury, and they were instructed that, in case the defendant had abused the right to sound the whistle, —that is, had sounded it in an improper place too frequently, unnecessarily, or improperly, because of the nature of the locality through which their track ran, and the road was operated,—they might find the defendant guilty of negligence. The jury certainly had no right, unless some of these elements were present, showing an abuse by the defendant of the right which it had, to find the defendant guilty of negligence; and it was only because some of these elements showing an abuse of the right might have been found to be present that the court submitted the question at all to the jury.

The court is bound to instruct the jury as to the elements which they are to take into consideration in determining the question of negligence. The jury are not judges of both the law and the facts, and they can only come to a conclusion by taking into consideration the instructions which the court gives them for the purpose of guiding them in considering the evidence produced before them. In the case at bar the court was particular in this respect, and did not leave the jury to exercise their judgment unguided and uninstructed as to what was necessary to be established in order to prove that the defendant had been guilty of negligence in the operation of its road.

We see no reason to disturb the verdict which has been rendered in this case, and the judgment and order should be affirmed, with costs.

DANIELS, J., concurs.

BRADY, J. The whistle not having been used wantonly or capriciously, but for a legitimate purpose, as alleged, I concur.